ROBERT M. CUSHMAN, Respondent, v. WILLIAM R. MARTIN, Appellant.

*Tax — assumption of — liability of person receiving money to pay.*

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury.

The plaintiff conveyed certain real estate to the defendant's wife, and covenanted in the deed, that it was free from incumbrance. At that time it was subject to an unpaid tax of $352. The defendant, having applied to the plaintiff for money to pay this tax, received from him two checks for the amount of the tax upon the agreement, that he, defendant, would pay it off within a few days. This, however, he wholly failed to do. In the mean time Mr. Kittredge, from whom the plaintiff purchased the property, and who was liable for the payment of the tax, paid it off.

The General Term *held*, that, as Kittredge was liable for the payment of the tax, he would have been bound to pay the amount of it to the plaintiff, if the defendant had applied the money received by him to its extinguishment, as he agreed to do; and for that reason, as well as the circumstance that the plaintiff was bound by his deed to the defendant's wife to pay it, he had sufficient interest in the subject-matter to support the agreement made with him by the defendant; that merely delivering the money to the

defendant for the payment of the tax, did not extinguish the plain-tiff's covenant against incumbrances contained in his deed. Nothing less than payment, or the acceptance of the amount in satisfaction by the wife of the defendant would be sufficient for that purpose.

It appeared that the defendant's wife had sold the property to another person, who assumed to pay the taxes upon it, including the tax in controversy in this case. *Held*, that this did not release the plaintiff from liability to her under the covenant in his deed. By a sale of that nature the amount of the taxes to be paid would be deducted from the consideration, and, as between the parties to the conveyance, would be equivalent to a payment of them by the grantor, and could have no effect upon the liability of the person ultimately bound for payment, by reason of such a covenant as the plaintiff made when he conveyed the property.

*Charles Jones*, for appellant.    *A. K. Hadley*, for respondent.

Opinion by DANIELS, J.    DAVIS, P. J., concurred. BRADY, J., concurred, on the ground that defendant's remedy was against the grantee of his wife, to whom the property was sold subject to the tax.

Judgment affirmed.